UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED

2016 FEB 29 P 3: 02

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JEFFREY COTTLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. # 1:16-cv-210 (GBL/JFA) |
| | ) |
| EXPLOSIVE COUNTERMEASURES | ) |
| INTERNATIONAL, INC. | ) |
| 3151 Winchester Road | ) |
| Delaplane, VA 20144 | ) |
| | ) |
| and | ) |
| | ) |
| MEGAN KELLEY, President | ) |
| Explosive Countermeasures International, Inc. | ) |
| 3151 Winchester Road | ) |
| Delaplane, VA 20144, | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

### Preliminary And Jurisdictional Statement

1. This is a lawsuit brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, for hundreds of hours of overtime work performed without overtime pay. This court has jurisdiction under 28 U.S.C. §1331. The case also presents a claim under *Code of Va.* §8.01-40, forbidding unauthorized use of a person's name for purposes of trade, over which this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

[illegible]

## Parties

2. Plaintiff Jeffrey Cottle was a full-time employee of defendant Explosives Countermeasures International, Inc. a company that provides explosives detection services to a number of institutions including several agencies and departments of the federal government. Mr. Cottle worked as a dog handler, explosives detection specialist and trainer at a number of sites in the greater Washington metropolitan area.

3. Defendant Explosives Countermeasures International, Inc. ("ECI") is a Virginia corporation with its principal place of business in Delaplane, Virginia. Its specialty is detection of explosives, including the use of specially trained dogs for this work. ECI, Mr. Cottle's former employer, was and is subject to FLSA coverage by reason of its status as an "enterprise" and because its employees handle instruments of interstate commerce or handle goods or products that have moved in interstate commerce.

4. Defendant Megan Kelley is and at all relevant times was President and Managing Director of ECI. She is sued for her personal role in assigning and overseeing the number of hours company employees, including Mr. Cottle, worked on a weekly basis, and in overseeing, preparing and approving Mr. Cottle's compensation that did not include overtime when Mr. Cottle worked more than forty (40) hours per week.

## Claim For Relief

5. Mr. Cottle is a certified dog handler with over 35 years of training and handling dogs in various security activities, including explosives detection. He began working for ECI in 1998, and left this employment in March 2015.

### FLSA Claim

6. By reason of his work responsibilities, Mr. Cottle was non-exempt under the FLSA and thus entitled to overtime pay for work in excess of forty hours per week.

7. At all relevant times, Mr. Cottle was paid every two weeks in the amount of $4,038.46.

8. During the course of his employment, Mr. Cottle routinely logged more than forty hours of work per week. He did not, however, receive overtime pay when he worked in excess of forty hours per week.

9. At all relevant times, with the apparent exception of one favored dog handler, ECI did not pay overtime pay as required by the FLSA to its dog handlers, including Mr. Cottle, and its other non-exempt employees.

10. On numerous occasions, Mr. Cottle was chastised by Ms. Kelley for putting too many entries on his timesheets, notwithstanding that he had accurately recorded his work, including frequent and lengthy telephone discussions initiated by Ms. Kelley that she did not want recorded. Ms. Kelley also told Mr. Cottle that she would direct her billing accountant to adjust employees' time records, including those of Mr. Cottle, so as to reduce the posted hours.

11. In the period September 2012 through March 2015, when Mr. Cottle left the company, he worked over 1,000 overtime hours that were not compensated as required under the FLSA.

12. In 2015, the parties entered into a series of written agreements tolling the applicable statute of limitations on Mr. Cottle's FLSA claim from August 31, 2015 through February 29, 2016. Mr. Cottle's FLSA claim against defendants thus relates back to three years before the effective date of the initial tolling agreement, or August 31, 2012.

13. At all times relevant to this action, ECI and its managing partner and president, Megan Kelley, had knowledge of the relevant requirements of the FLSA, including the obligation to pay overtime to its employees, as evidenced by its Administrative Manual which acknowledges that non-exempt employees are eligible for overtime in accordance with federal and state wage-hour laws.

14. The actions of ECI and Megan Kelley in refusing to pay overtime to Mr. Cottle and refusing to include as compensable time his hours spent in the off-site care of his canine partner were deliberate and willful, and accomplished in knowing violation of Mr. Cottle's rights.

15. By their actions set forth above, the defendants violated Mr. Cottle's rights under the FLSA, 29 U.S.C. § 201, *et seq.* to receive overtime compensation for all hours worked in excess of a forty-hour work week.

<u>Claim of Unauthorized Use of Name for Purposes of Trade</u>

16. During the period of Mr. Cottle's employment, ECI provided services to the United States government at the Defense Intelligence Agency Joint Base Anacostia Bolling (JBAB).. ECI employees working at JBAB had to maintain a "top secret" security clearance to work there.

17. Pursuant to applicable governmental protocols, ECI had a primary Facility Security Officer ("FSO") for the JBAB account. This was defendant Kelley. ECI needed an alternate FSO in the event Ms. Kelley, the primary, was unavailable.

18. Both the FSO and the alternate FSO had to complete training and tests administered by the Center for Development of Security Excellence (CDSE) of the Defense Security Service.

19. For a proposed FSO alternate to take the CDSE training and tests, he or she had to have an account created by the FSO. The candidate would log on to the newly created account with his or her own name, Social Security number and other identifying information to which

only the candidate and the FSO were privy. Once the required training and testing was successfully completed, a certificate of training would be issued to the FSO for submission to the appropriate authorities.

20. On September 11, 2014, Ms. Kelly informed Mr. Cottle that she had selected him to be the alternate FSO. Mr. Cottle agreed.

21. When Mr. Cottle told Ms. Kelley that he wanted to take the CDSE training to prepare for the tests, she told him that the CDSE training was "long and boring" and that she had the answers to the test on a cheat sheet. Mr. Cottle declined to use the cheat sheets and said that he would take the CDSE training himself.

22. On September 17, 2014, before Mr. Cottle had begun his CDSE training or taken any JPAS test, Ms. Kelley advised him that he had done well on his JPAS tests. Some time thereafter, the Center for Development of Security Excellence of the Defense Security Service advised him that he had not yet provided an evaluation of the CDSE training that he had allegedly received on 09/10/2014.

23. On information and belief, in September 2014, Ms. Kelley took the CDSE training and tests in Mr. Cottle's name, using his credentials. At no time did she solicit or receive his written (or oral) consent to do this. In so doing she acted on her own accord and in her personal interest as owner of ECI, on behalf of ECI's commercial interests.

24. The purpose of defendants' acting to secure Mr. Cottle as an alternate FSO and of Ms. Kelley's using his name and identification to take the required exam, was to meet the government's requirements of vendors such as ECI doing business at JBAB.

25. Mr. Cottle, who knew that he had not taken the CDSE training or tests, reported the above to the authorities as required by law.

26. Ms. Kelley's unauthorized use of his name and identification has damaged Mr. Cottle by ensnaring him in an official investigation into these matters of national security that on information and belief continues to date.

*

## Causes of Action

### Count I: Violation of Fair Labor Standards Act

27. By their actions set forth in ¶¶2-15, defendants knowingly and willfully violated Mr. Cottle's rights under the FLSA, 29 U.S.C. §201, *et seq.* to receive overtime compensation for all hours worked in excess of a forty-hour work week.

### Count II: Unauthorized Use of Name for Purposes of Trade

28. By their actions set forth in ¶¶16-25, defendants knowingly used Mr. Cottle's name and identification without his written (or oral) consent for purposes of trade, in violation of *Code of Va.* §8.01-40.

*

Wherefore, Mr. Cottle requests an order of the court awarding him:

* His overtime pay, and an equal amount in liquidated damages, from August 31, 2012 through March, 2015, appropriate to the proof at trial, jointly and severally against both defendants,

* His actual damages and punitive damages for defendants' knowing unauthorized use of his name,

* His costs, including reasonable attorney's fees, and

* Such other relief as is just.

Mr. Cottle requests trial by jury.

Respectfully submitted,

JEFFREY COTTLE,

By counsel

Dated: February 29, 2016

Counsel for Plaintiff:

_____
Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 South Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com

CottleJeffrey\Pleadings\Complaint

_____
Maxwelle C. Sokol, #89589
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
msokol@robinhoodesq.com