IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JEFFREY COTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00210-GBL-JFA |
| | ) | |
| EXPLOSIVE COUNTERMEASURES INTERNATIONAL, INC., and MEGAN KELLEY, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## JOINT MOTION TO APPROVE SETTLEMENT
## AND WAIVER OF HEARING

Plaintiff, Jeffrey Cottle, and Defendants, Explosive Countermeasures International, Inc. ("ECI") and Megan Kelley (collectively "the Parties"), through their respective undersigned counsel, hereby request that the Court approve the settlement between them that will dispose of this action in its entirety. The Court's supervision of the settlement of this Fair Labor Standards Act ("FLSA") case is necessary to ensure that this lawsuit is finally resolved in a binding manner pursuant to *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945), and *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728 (1981).

Plaintiff and Defendants, through undersigned counsel, represent to the Court as follows:

1. This action was initiated by Plaintiff under the FLSA. Plaintiff was employed by ECI to provide canine explosive detection services to various government clients and to supervise the training of canine explosive detection teams from approximately October 1998 to March 2015.

1

2. In this action, Plaintiff claims (a) that he should have been paid overtime for hours worked in excess of forty in a workweek; and (b) that he should have been compensated for the care of his canine companion.

3. Defendants deny liability to Plaintiff on the grounds that Plaintiff was properly classified as an exempt employee under the highly compensated employee exemption, 29 C.F.R. § 541.601, because of his managerial and supervisory responsibilities at ECI and because he was compensated more than $100,000 per year. Defendants also deny that Plaintiff was employed as an "explosives detection specialist" as alleged in the Complaint.

4. The Parties, with the assistance of counsel, have reached a proposed settlement in the above-captioned matter that each believes represents a fair and just resolution based on the facts of the case.

5. Plaintiff's counsel, Victor M. Glasberg, Esq., of Victor M. Glasberg & Associates, is an experienced FLSA counsel and has pursued numerous claims under the FLSA. Defendants' counsel, Steven W. Ray of Isler Dare, P.C., is also an experienced FLSA counsel who has defended numerous FLSA actions and responded to numerous U.S. Department of Labor FLSA audits.

6. Both counsel believe this settlement represents a fair and equitable resolution of the FLSA claims alleged in the Complaint, and in support thereof, represent as follows:

a. Defendant Explosive Countermeasures, Inc. ("ECI") employed Plaintiff at a biweekly salary of $4,083.46 since February 1, 2013 through his resignation in March 2015.

b. For purposes of achieving a settlement, Plaintiff has agreed to forego a claim that a willful violation exists and thereby use a back pay period of two years and use 30 minutes per day of canine care. Under these conditions, the payroll records reflect that Plaintiff worked 942.75 overtime hours. Defendants believe that the calculation for these hours should be based on the

fluctuating workweek standard in accordance with prevailing Fourth Circuit law, which Plaintiff does not contest for purposes of facilitating settlement of the case. See, e.g*., Flood v. New Hanover Cnty.*, 125 F.3d 249 (4th Cir. 1997) (applying fluctuating workweek method); *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351 (4th Cir. 2011) (approving district court's application of fluctuating workweek method to claims for unpaid overtime). As such, the approximate principal total of Plaintiff's unpaid compensation claims is $12,614.22.

   c. Under the FLSA, Plaintiff also might be entitled to liquidated damages in the amount of the unpaid wages, which amount would be $12,614.22.

   d. The settlement between the Parties provides for settlement of Plaintiff's claims for unpaid overtime compensation in the amount of $10,000, settlement of Plaintiff's claim for liquidated damages in the amount of $10,000, and settlement of Plaintiff's claim for attorneys' fees and costs in the amount of $10,000.

   e. Plaintiff's counsel has devoted approximately twenty hours of work to date on this case. This time has been spent in ongoing communications with Plaintiff, reviewing his documentation, researching the facts and law implicated by ECI's defenses referenced in paragraphs 3 and 6(f) of this motion, speaking with potential witnesses, drafting papers for filing, and negotiating the resolution of this dispute. Counsel, whose hourly rate is $550 (and in some cases $600) for hourly-paying clients, has agreed to accept $10,000 as compensation in full covering fees and all costs expended to date. A breakout or declaration of those hours will be provided at the Court's direction.

   f. Plaintiff and his counsel agree that a variety of disputed issues of fact and law would need to be litigated if the matter proceeded to trial. Those issues include, among others: (i) whether Plaintiff was exempt from overtime compensation under the highly compensated employee

exemption; (ii) whether Plaintiff was entitled to additional compensation for care of his canine when paid working time was provided for such care and the amount of time if he was not already compensated for such time; (iii) Defendants' knowledge of the law for purposes of an award of liquidated damages; and (iv) whether compensation on the basis of the fluctuating workweek standard is appropriate.

7.  Plaintiff understands that, by entering into the settlement agreement, and for good consideration, and subject to this Court's approval, he is agreeing to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) following completion of the terms of the settlement, including payment of the full settlement amount.

8.  The Parties have submitted a copy, attached as Exhibit A, of the settlement agreement in this case.

WHEREFORE, the Parties respectfully request that the Court approve the settlement they have reached without a hearing and stay this action pending completion of the settlement terms.

Dated: June 23, 2016

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/Steven W. Ray* | */s/\* Victor M. Glasberg* |
| Steven W. Ray | Victor M. Glasberg |
| Virginia Bar No. 32320 | Virginia Bar No. 16184 |
| Counsel for Defendants | Counsel for Plaintiff |
| ISLER DARE, P.C. | Victor M. Glasberg & Associates |
| 1945 Old Gallows Road, Suite 650 | 121 South Columbus Street |
| Vienna, Virginia 22182 | Alexandria, VA 22314 |
| Phone: 703-748-2690 | Phone: 703-684-1100 |
| Fax: 703-748-2695 | Fax: 703-684-1104 |
| sray@islerdare.com | vmg@robinhoodesq.com |
|  | *Signed by Steven W. Ray with permission from Victor M. Glasberg |

c/serv. This 23rd day of June