## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between Jeffrey Cottle ("Plaintiff"), an individual, on the one hand, and Explosive Countermeasures International, Inc. ("ECI" or the "Company") and Megan Kelley (collectively "Defendants"), on the other hand. Plaintiff and Defendants are referred to herein as the "Parties."

WHEREAS, Plaintiff filed an action against Defendants on February 29, 2016, Civil Action No. 1:16-cv-210 (the "Action"), in the United States District Court for the Eastern District of Virginia, wherein Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(3), by failing to pay him overtime for hours worked in excess of forty hours per week and a claim for unauthorized use of name for purposes of trade under Virginia Code Section 8.01-40; and

WHEREAS, Defendants deny liability with regard to the allegations made against them; and

WHEREAS, the Parties have settled and resolved any and all claims asserted in the Action and other claims as set forth below;

NOW THEREFORE, in consideration of the mutual promises and releases contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff and Defendants agree as follows:

1. **Settlement Amount.** Subject to Plaintiff's execution of this Agreement and terms set forth herein, Defendants agree to pay Plaintiff the total amount of $30,000 (the "Settlement Amount"), which shall be paid as follows:

    a. Plaintiff will forward to Defendants c/o Steven W. Ray, Esq., Isler Dare, P.C., 1945 Old Gallows Road, Suite 650, Vienna, VA 22182: (i) a signed copy of this Agreement via email or facsimile; (ii) an IRS Form W-4 and state form equivalent executed by Plaintiff; (iii) an IRS Form W-9 executed by Plaintiff; and (iv) an IRS Form W-9 executed by Plaintiff's Counsel, Victor Glasberg, Esq. A facsimile or scanned copy shall be as valid as an original. Following receipt of the signed Agreement, Defendants will email or fax a copy of the Agreement signed by them to Mr. Glasberg.

    b. Within ten (10) business days following entry of an order by the court in the Action approving the terms of this Settlement Agreement and receipt by Defendants of the executed originals of this Agreement, Defendants will deliver to Plaintiff, c/o Victor M. Glasberg & Associates, 121 Columbus Street, Alexandria, VA 22314 the following amounts, the sum of which represents the total Settlement Amount:

        i. *Unpaid Wages Amount.* A check made payable to Plaintiff in the amount of $10,000, less required withholding, which constitutes settlement of Plaintiff's claims for unpaid overtime compensation, as well as any other back wages Plaintiff claims is owed to him by Defendants (the "Unpaid Wages Amount"). The Unpaid Wages Amount



includes compensation for the daily care of Plaintiff's canine companion, at 30 minutes per day. The Unpaid Wages Amount is subject to reporting to the IRS on a Form W-2. It is expressly agreed that Plaintiff will complete an IRS Form W-4 and will provide such form to Defendants for purposes of issuing a Form W-2.

  ii. *Liquidated Damages Amount.* A check made payable to Plaintiff in the amount of $10,000, which constitutes settlement of Plaintiff's claims for liquidated damages (the "Liquidated Damages Amount"). The Liquidated Damages Amount is subject to reporting to the IRS on a Form 1099-MISC (with the amount recorded in Box 3, "Other Income"). It is expressly agreed that Plaintiff will complete a Federal Form W-9 and will provide such form to Defendants for purposes of issuing the Form 1099.

  iii. *Costs and Attorneys' Fees.* A check made payable to Mr. Glasberg in the amount of $10,000, which constitutes settlement of Plaintiff's claims for costs and attorneys' fees ("Costs and Fees"). The Costs and Fees are subject to reporting to the IRS on a Form 1099-MISC issued to Mr. Glasberg and Plaintiff. It is expressly agreed that Mr. Glasberg will complete a Federal Form W-9 and will provide such form to Defendants for purposes of issuing the Form 1099.

 c. Plaintiff acknowledges and agrees that he shall be responsible for payment of any additional taxes payable by him related to the Settlement Amount paid to him by Defendants, and further agrees to indemnify Defendants from any and all claims, interest, or penalties that might be assessed against Defendants as a result of Plaintiff's failure to properly pay taxes on such amounts.

2. **Mutual General Release of Claims.**

 a. ***Release of Claims by Plaintiff:*** In further consideration for the Parties' agreement as set forth in Paragraph 1, which Plaintiff acknowledges constitutes good and valuable consideration, he does, for himself, and his heirs, executors, assigns, and administrators, remise, release and forever discharge Megan Kelley and ECI, ECI's affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors, and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and the trustees, administrators, fiduciaries, and insurers of such plans and programs (collectively the "Released Parties"), from any and all claims Plaintiff has made or might have made against the Released Parties of whatever nature, including those that arose out of Plaintiff's employment with or separation of employment from Defendants, prior to and including the date of this Agreement. This release of claims includes, but is not limited to, all claims alleged in the Action or claims that might have been alleged in the Action against the Released Parties arising under contract, tort, or statute and any claims for wages, benefits, discrimination, constructive or other wrongful discharge, public policy violations, damages, fees, and reinstatement or reemployment including, without limitation, claims for payment of wages or retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, Virginia Code Section 8.01-40 or any other federal, state, or local civil, employment, labor, wage and hour, or human rights laws.



Nothing in this Agreement shall be construed as prohibiting Plaintiff from participating in any investigation or proceeding conducted by the EEOC or by a comparable state or local human rights agency. Notwithstanding the foregoing, by signing this Agreement, Plaintiff is agreeing to waive Plaintiff's right to recover monetary damages or other relief, including reinstatement to employment, associated with any charge, complaint, or lawsuit filed with such agency.

 b. ***Release of Known Claims by Defendants:*** In consideration of Plaintiff's dismissal of the Action and release of claims, Defendants, Megan Kelley and ECI, ECI's affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, attorneys, officers, directors, and agents thereof, both individually and in their business capacities, hereby remise, release and forever discharge Plaintiff from any and all claims known to Defendants. Defendants are not aware of any claims against Plaintiff.

3. **No Admission.** The Parties agree that this Agreement is made solely to resolve disputes, and there is no admission of fault by either Party of any liability or of any contention or allegation made by any other Party.

4. **Dismissal of Action and Representation of No Pending Claims.** Upon receipt of the Settlement Amount by Plaintiff, Defendants shall file with the Court a Joint Stipulation of Dismissal with Prejudice thereby dismissing the Action with prejudice. A copy of the Joint Dismissal is attached as Exhibit A. It is expressly recognized by the Parties that the dismissal of the Action is a material term of this Agreement. Plaintiff further represents that Plaintiff has not filed any other claims, complaints, or inquiries pending with any federal, state, or local court or agency against Defendants. To the extent any lawsuits, complaints, or administrative actions are pending other than those identified above, Plaintiff will take all steps required to have such matters dismissed with prejudice on an expedited basis. Plaintiff understands that this requirement is a material term of this Agreement and a condition of payment of the Settlement Amount.

5. **Mutual Non-disparagement.**

 a. Plaintiff covenants and agrees that Plaintiff will not at any time, directly, indirectly or through any entity in which Plaintiff is an officer, director, employee, consultant, or shareholder, either orally, in writing, or through any medium (including, but not limited to, television or radio, newspapers, magazines, computer networks or bulletin boards, or any other form of communication), disparage, defame, impugn, or otherwise damage or assail the reputation, integrity or professionalism of Megan Kelley, ECI, or any officer, director, employee, agent or representative of ECI, *provided, however*, nothing herein shall preclude Plaintiff from testifying truthfully pursuant to a lawfully issued subpoena or from truthfully responding to or participating in any government inquiry.

 b. Defendants covenant and agree that no ECI employee, agent, or representative who is aware of this Agreement will at any time, directly or indirectly, orally, in writing or through any medium (including, but not limited to, television or radio,



newspapers, newsletters, magazines, circulars, computer networks or bulletin boards, or any other form of communication) disparage, defame, impugn, or otherwise damage or assail the reputation, integrity, or professionalism of Plaintiff, *provided, however*, nothing herein shall preclude the Company from testifying truthfully pursuant to a lawfully issued subpoena or from truthfully responding to or participating in any government inquiry.

6. **Governing Law.** This Agreement shall be governed by and subject to the laws of the Commonwealth of Virginia without regard to its choice of law principles.

7. **Severability.** In the event that one or more of the provisions of this Agreement shall for any reason be held to be illegal or unenforceable, this Agreement shall be revised only to the extent necessary to make such provision(s) legal and enforceable.

8. **Return of Equipment and Documents.** Based on ECI's review of the documents and equipment returned to ECI on June 13, 2016, ECI represents that the content of or return of those documents and equipment do not give rise to any claim related to the same. Plaintiff represents that Plaintiff has returned to ECI or destroyed any and all equipment and documents (whether in hard copy or electronic form) belonging to the Company that were given to or taken by Plaintiff, excluding documents pertaining exclusively to Employee's employment such as payroll stubs, benefits information, etc.

9. **Entire Agreement.** This Agreement constitutes the entire Agreement among the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions, and cannot be modified except in writing, signed by the Parties. The drafting of this Agreement shall be deemed a mutual endeavor by all Parties, and shall not be construed against any single Party as the drafter.

10. **Acknowledgment of Wages.** Plaintiff agrees that payment of the Settlement Amount described in this Agreement represents the full payment of all unpaid regular wages, unpaid overtime, unpaid minimum wage, liquidated damages, attorneys' fees and costs, and interest, owing to him by the Released Parties and Plaintiff hereby waives his right to monetary or other recovery should any federal, state or local administrative agency pursue any claims on his behalf arising out of and/or relating to the claims made in the Action.

11. **Costs and Fees.** Except as explicitly set forth in this Agreement, each Party shall bear their own costs and attorneys' fees incurred in connection with this Agreement and the Action.

12. **Captions.** Any captions to the paragraphs of this Agreement are solely for the convenience of the Parties; neither they nor the title to this Agreement are to be construed in any way as modifying the provisions themselves.

13. **Execution and Counterparts.** This Agreement may be executed in multiple counterparts and each such counterpart shall be deemed an original of this Agreement. Signatures



provided by facsimile or electronic transmission shall be deemed original signatures and shall be valid and binding in all respects.

The Parties acknowledge that they have read the foregoing Agreement, understand its contents, and have consulted with and had the benefit of legal counsel, and accept and agree to the provisions it contains and hereby execute it voluntarily and with full understanding of its consequences.

JEFFREY COTTLE

_____ 06/21/2016
Plaintiff                Date

EXPLOSIVE COUNTERMEASURES INTERNATIONAL, INC.

By: _____ 6-22-16
                     Date

Title: President

MEGAN KELLEY

_____ 6-22-16
Megan Kelley        Date